James R. McDonald, Jr., bar # 013604
McDonald Law Offices, PLLC
1907 E. Broadway, Suite 1
Tempe, Arizona 85282
Phone: (480)968-3100
Fax: (480)968-7910
mcdonaldlaw@azbar.org

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>*Saul Alvarez Ponce*<br><br>Debtor,<br><br>SSN: xxx-xx-4145<br>*1752 West Devon Street*<br>*Mesa, Arizona 85201* | Case No. 2:09-bk-29109-RTB<br><br>**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES**<br><br>■ Original<br>☐ Amended<br>☐ Modified |

Your rights may be affected by this Plan. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on an unsecured claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

☐ This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are:

(A) **Plan Payments and Property to be Submitted to the Plan.**

(1) Plan payments start on ***December 12, 2009***. The Debtor shall pay the Trustee as follows:

***$187.00*** each month for month ***1*** through month ***36***.

The proposed plan duration is **36** months. The applicable commitment period is **36** months. Section 1325(b)(4).

(2) Debtor will submit the following property in addition to plan payments: ***None.***

(B) **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received.

(C) **Treatment of Administrative Expenses and Claims.** Except as specified for adequate protection payments under (C)(1) or otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except for adequate protection payments) and made in the following order:

(1) ***Adequate protection payments.*** Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the following secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid prior to these claimants are paid in full. **If a creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to § 363, or both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| ***None.*** | ***None.*** | ***None.*** |

❏ See Section (J), Varying Provisions.

(2) ***Administrative expenses.*** Section 507(a)(2).

(a) Attorney fees. Debtor's attorney received ***$635.00*** before filing. The balance of attorney's fees in an amount approved by the court upon application shall be paid by the Trustee. See Section (F) for any fee application.

(b) Other Administrative Expenses. *[Describe]*

2

❑ See Section (J), Varying Provisions.

(3) ***Leases and Unexpired Executory Contracts.*** Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

(a) <u>Assumed</u>:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| ***None.*** | ***None.*** | ***None.*** |

(b) <u>Rejected</u>:

| Creditor | Property Description |
|---|---|
| ***None.*** | ***None.*** |

❑ See Section (J), Varying Provisions.

(4) ***Claims Secured <u>Solely</u> by Security Interest in Real Property.*** Unless otherwise stated below, Debtor shall pay post-petition payments directly to the creditor. Prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated. Except as provided in Local Bankruptcy Rule 2084-23 if a creditor gets unconditional stay relief, the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's ***allowed*** proof of claim.

| Creditor/Servicing Agent & Property Description | Value of Collateral and Valuation Method | Estimated Arrearage Amount | Arrearage Owed Through |
|---|---|---|---|
| ***Saxon Mortgage Services, Inc.*** <br> ***The real property located at 1752 West Devon Street, Mesa, Arizona.*** | *$90,000.00 (value determined by appraisal obtained 9/8/09)* | ***None.*** | ***None.*** |
| ***Wells Fargo Bank, N.A.*** <br> ***The real property located at 1752 West Devon Street, Mesa, Arizona.*** | *$90,000.00 (value determined by appraisal obtained 9/8/09)* | *\*see varying provisions* | *\*see varying provisions* |

■ See Section (J), Varying Provisions.

(5) *Claims Secured by Personal Property or a Combination of Real and Personal Property.* Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown below as the Amount to be Paid As Secured Claim Under Plan, with such amount paid through the Plan payments. However, if the creditor's proof of claim amount is less than the Amount of Secured Claim to Be Paid Under the Plan, then the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| *None.* | *None.* | *None.* | *None.* | *None.* |
| *None.* | *None.* | *None.* | *None.* | *None.* |

❑ See Section (J), Varying Provisions.

(6) *Priority, Unsecured Claims.* All allowed claims entitled to pro rata priority treatment under § 507 shall be paid in full in the following order:

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | Estimated Arrearage |
|---|---|
| *None.* | *None.* |

(b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| *IRS* | *2008 personal income taxes* | *$407.22* |

5

(7) *Codebtor Claims.* The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| *None.* | *None.* | *None.* |

❏ See Section (J), Varying Provisions.

(8) *Nonpriority, Unsecured Claims.* Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

❏ See Section (J), Varying Provisions.

(D) **Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first.

(E) **Surrendered Property.** Debtor surrenders the following property. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. *Should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor.*

| Claimant | Property to be surrendered |
|---|---|
| *None.* | *None.* |

6

(F) **Attorney Application for Payment of Attorney Fees.** Counsel for the Debtor has received a prepetition retainer of ***$635.00*** to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

☐ (1)(a) **Flat Fee**. Counsel for the Debtor has agreed to a total sum of ***$4,000.00*** to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

☐ Review of financial documents and information.

☐ Consultation, planning, and advice, including office visits and telephone communications.

☐ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.

☐ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.

☐ Attendance at the § 341 meeting of creditors.

☐ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.

☐ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.

☐ Responding to motions to dismiss, and attendance at hearings.

☐ Responding to motions for relief from the automatic stay, and attendance at hearings.

☐ Drafting and mailing of any necessary correspondence.

☐ Preparation of proposed order confirming the plan.

☐ Representation in any adversary proceedings.

☐ Representation regarding the prefiling credit briefing and post-filing education course.

(b) **Additional Services.** Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor post-confirmation of the plan:

☐ Preparation and filing of Modified Plan *$750.00.*

☐ Preparation and filing of motion for moratorium *$500.00.*

☐ Responding to motion to dismiss, and attendance at hearings *$500.00.*

☐ Defending motion for relief from the automatic stay *$750.00.*

☐ Other

All other additional services will be billed at the rate of *$300.00* per hour for attorney time and *$125.00* per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

☐ See Section (J), Varying Provisions.

■ (2) **Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of *$300.00* per hour for attorney time and *$125.00* per hour for paralegal time.

☐ See Section (J), Varying Provisions.

(G) **Vesting.** Vesting of property of the estate. Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: *[Describe or state none]*

☐ See Section (J), Varying Provisions.

(H) **Tax Returns**. While the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: *n/a*

(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

(J) **Payment Schedule.** The attached payment schedule is an estimate of payments, interest and disbursements. Actual payments may vary.

(K) **Varying Provisions.** The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (G):

*(1)* The debtors residence located at 1752 West Devon Street, Mesa, Arizona, was appraised on 9/8/09. The appraised value is $90,000.00. Saxon Mortgage Services, Inc. has a first position Deed of Trust against debtors residence in the amount of $135,472.00. Wells Fargo Bank's claim previously secured by a second position Deed of Trust on debtors' residence shall be deemed unsecured and of no further force and effect as a secured lien against debtors' residence. Any portion of the unsecured claim not paid through this bankruptcy shall be discharged upon completion of this plan.

*(2)*

*(3)*

(L) **Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

| | | |
|---|---|---:|
| (1) | Estimated Administrative Expenses: | $4000.00 |
| (2) | Priority Claims | $683.43 |
| (3) | Payments on Leases or to Cure Defaults, Including Interest | $0.00 |
| (4) | Payments on Secured Claims, Including Interest | $0.00 |
| (5) | Payments on Unsecured, Nonpriority Claims | $1375.37 |
| (6) | SUBTOTAL | $6058.80 |
| (7) | Trustee's Compensation (10% of Debtor's Payments) | $673.20 |
| (8) | Total Plan Payments | $6732.00 |

(M) **Section 1325 analysis.**

(1) Best Interest of Creditors Test:
   (a) Value of debtor's interest in nonexempt property .................................................................$311.05
   (b) Plus: Value of property recoverable under avoiding powers ..................................................$0.00
   (c) Less: Estimated Chapter 7 administrative expenses                                                     $-85.69
   (d) Less: Amount payable to unsecured, priority creditors.................................................... $-683.43
   (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7...........$0.00

Paragraph (2) is to be completed by debtors whose current monthly income exceeds the state's median income.

(2) Section 1325(b) Analysis:
   (a) Amount from Line 59, Form B22C, Statement of Current Monthly Income...........................$0.00
   (b) Applicable Commitment Period   x 60
   (c) Section 1325(b) amount ((b)(1) amount times 60).............................................................$0.00
(3) Estimated Payment to Unsecured, Nonpriority Creditors Under The Plan...............................$1375.37

Dated: _11-11_, 200_9_.

_/s/ Saul Ponce_
Debtor

_____
Debtor

_/s/ James McDonald_
**James R. McDonald, Jr.**
Attorney for Debtor

```
DEBTOR:     PONCE, SAUL ALVAREZ
CASE NO:
PAYMENT SCHEDULE
 #   MON-YR   AMOUNT   TRUSTEE  ATTORNEY     IRS

 1   Dec-09   187.00    18.70    168.30      0.00     0.00
 2   Jan-10   187.00    18.70    168.30      0.00     0.00
 3   Feb-10   187.00    18.70    168.30      0.00     0.00
 4   Mar-10   187.00    18.70    168.30      0.00     0.00
 5   Apr-10   187.00    18.70    168.30      0.00     0.00
 6   May-10   187.00    18.70    168.30      0.00     0.00
 7   Jun-10   187.00    18.70    168.30      0.00     0.00
 8   Jul-10   187.00    18.70    168.30      0.00     0.00
 9   Aug-10   187.00    18.70    168.30      0.00     0.00
10   Sep-10   187.00    18.70    168.30      0.00     0.00
11   Oct-10   187.00    18.70    168.30      0.00     0.00
12   Nov-10   187.00    18.70    168.30      0.00     0.00
13   Dec-10   187.00    18.70    168.30      0.00     0.00
14   Jan-11   187.00    18.70    168.30      0.00     0.00
15   Feb-11   187.00    18.70    168.30      0.00     0.00
16   Mar-11   187.00    18.70    168.30      0.00     0.00
17   Apr-11   187.00    18.70    168.30      0.00     0.00
18   May-11   187.00    18.70    168.30      0.00     0.00
19   Jun-11   187.00    18.70    168.30      0.00     0.00
20   Jul-11   187.00    18.70    168.30      0.00     0.00
21   Aug-11   187.00    18.70    168.30      0.00     0.00
22   Sep-11   187.00    18.70    168.30      0.00     0.00
23   Oct-11   187.00    18.70    168.30      0.00     0.00
24   Nov-11   187.00    18.70    129.10     39.20     0.00
25   Dec-11   187.00    18.70      0.00    168.30     0.00
26   Jan-12   187.00    18.70      0.00    168.30     0.00
27   Feb-12   187.00    18.70      0.00     31.42   136.88
28   Mar-12   187.00    18.70      0.00      0.00   168.30
29   Apr-12   187.00    18.70      0.00      0.00   168.30
30   May-12   187.00    18.70      0.00      0.00   168.30
31   Jun-12   187.00    18.70      0.00      0.00   168.30
32   Jul-12   187.00    18.70      0.00      0.00   168.30
33   Aug-12   187.00    18.70      0.00      0.00   168.30
34   Sep-12   187.00    18.70      0.00      0.00   168.30
35   Oct-12   187.00    18.70      0.00      0.00   168.30
36   Nov-12   187.00    18.70      0.00      0.00   168.30
37   Dec-12     0.00     0.00      0.00      0.00     0.00
38   Jan-13     0.00     0.00      0.00      0.00     0.00
39   Feb-13     0.00     0.00      0.00      0.00     0.00
40   Mar-13     0.00     0.00      0.00      0.00     0.00
41   Apr-13     0.00     0.00      0.00      0.00     0.00
42   May-13     0.00     0.00      0.00      0.00     0.00
43   Jun-13     0.00     0.00      0.00      0.00     0.00
44   Jul-13     0.00     0.00      0.00      0.00     0.00
45   Aug-13     0.00     0.00      0.00      0.00     0.00
46   Sep-13     0.00     0.00      0.00      0.00     0.00
47   Oct-13     0.00     0.00      0.00      0.00     0.00
48   Nov-13     0.00     0.00      0.00      0.00     0.00
49   Dec-13     0.00     0.00      0.00      0.00     0.00
50   Jan-14     0.00     0.00      0.00      0.00     0.00
51   Feb-14     0.00     0.00      0.00      0.00     0.00
52   Mar-14     0.00     0.00      0.00      0.00     0.00
53   Apr-14     0.00     0.00      0.00      0.00     0.00
54   May-14     0.00     0.00      0.00      0.00     0.00
55   Jun-14     0.00     0.00      0.00      0.00     0.00
56   Jul-14     0.00     0.00      0.00      0.00     0.00
57   Aug-14     0.00     0.00      0.00      0.00     0.00
58   Sep-14     0.00     0.00      0.00      0.00     0.00
59   Oct-14     0.00     0.00      0.00      0.00     0.00
60   Nov-14     0.00     0.00      0.00      0.00     0.00

Total Paid:       6732.00   673.20   4000.00   407.22  1651.58
Paid on Claim Principal:             4000.00   407.22  1651.58
Interest Rate:                         0.000%   0.000%   0.000%
Interest Paid:                           0.00     0.00     0.00
Total Claim Amount:                  4000.00   407.22 10579.00
Percent of Claim Paid:                100.00%  100.00%   15.61%
```

```
                    FORM 13-2
                  PLAN ANALYSIS

DEBTOR:     PONCE, SAUL ALVAREZ
CASE NO:
Prior Chapter 7:         No
Prior Chapter 13:        No
Estimated Plan Length (Months):     36

                         Trustee Use
                         Sec. 341 Meeting Date: _____
                         Continued: _____
                         Confirmed Date: _____
```

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A. TOTAL PRIORITY CLAIMS:
   1. Unpaid attorney's fees . . . . . . . . . . . . . . . .  4000.00
   2. Taxes . . . . . . . . . . . . . . . . . . . . . . . .   407.22
   3. Other . . . . . . . . . . . . . . . . . . . . . . . .     0.00
B. TOTAL OF PAYMENTS TO CURE DEFAULTS . . . . . . . . . . .     0.00
C. TOTAL OF PAYMENTS ON SECURED CLAIMS . . . . . . . . . .      0.00
D. TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS . . . .     1651.58
E. SUB-TOTAL . . . . . . . . . . . . . . . . . . . . . . .   6058.80
F. TOTAL TRUSTEE'S COMPENSATION . . . . . . . . . . . . .     673.20
   Pct. of payments:     10.000%
G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES . . . . . . . .    6732.00

                  RECONCILIATION WITH CHAPTER 7

H. INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
   1. Value of Debtor's interest in nonexempt property       311.05
   2. Plus value of property recoverable
      under avoiding powers . . . . . . . . . . . . . . .      0.00
   3. Less estimated Chapter 7 administrative expenses       -85.69
   4. Less amounts payable to priority creditors
      other than costs of administration . . . . . . . .    -407.22
   5. Equals estimated amount payable to general
      unsecured creditors if Chapter 7 were filed . . .       0.00
I. ESTIMATED DIVIDEND FOR GENERAL UNSECURED
   CREDITORS UNDER CHAPTER 7 . . . . . . . . . . . . . . .     0.00
J. ESTIMATED DIVIDEND UNDER PLAN . . . . . . . . . . . . .  1651.58